IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CV-63-D

JOSEPHINE COLE WILLIAMS, )
)
Plaintiff, )
)
v. ) **ORDER**
)
N.C. ADMINISTRATIVE OFFICE OF THE )
COURTS, et al., )
)
Defendants. )

On April 2, 2018, Josephine Cole Williams ("Williams" or "plaintiff"), proceeding pro se, filed a complaint against the North Carolina Administrative Office of the Courts ("NCAOC") and Sara Beth Fulford Rhodes ("Rhodes", collectively "defendants"), the Pitt County Clerk of Superior Court, seeking relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. [D.E. 1]. On April 27, 2018, defendants moved to dismiss the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [D.E. 10] and filed a memorandum in support [D.E. 11]. On June 22, 2018, Williams responded in opposition [D.E. 16]. On July 6, 2018, defendants replied [D.E. 17]. As explained below, the court grants defendants' motion to dismiss [D.E. 10].

I.

On January 31 2007, Williams began working in the Pitt County Clerk of Superior Court Office as a deputy clerk [D.E. 1] ¶ 9. In 2007, Williams hurt her back in a car accident. See id. ¶ 13. In 2010, Williams received a new job assignment and started to have back pain due to her job duties, which required her to stand, bend, stoop, lift, push, and pull. See id. ¶¶ 14–15, 18–19. Williams obtained a letter from an assistant nurse practitioner advising Williams's employer to move

Williams to a more sedentary job (e.g., to not perform heavy lifting), to wear athletic shoes to work, and to use an ergonomic chair. See id. ¶ 20; [D.E. 1-4]. Williams provided the letter to Rhodes and requested the listed accommodations. See [D.E. 1] ¶ 21. Upon request from Rhodes, see [D.E. 1-5], Williams also obtained a note from a physician that discussed Williams's back pain. See [D.E. 1] ¶¶ 21–22. After presenting the physician's note, Rhodes told Williams that, to obtain any accommodation, Williams would need a letter from a specialist. See id. ¶ 23. Williams's employer never gave her the requested accommodations. See id. ¶ 24. On July 21, 2010, Williams informed Katheryn Watson ("Watson"), her supervisor, that her workstation at the public counter "was still causing her problems" and that she would like to move to another position in the office. See id. ¶ 26. Watson denied the request. See id. On July 30, 2010, Ford Heath Jr. ("Heath"), a Judicial Branch Risk Manager for the North Carolina Administrative Office of the Courts, evaluated Williams at her workstation "for no more than 10 minutes." See id. ¶ 27. On November 16, 2010, Williams informed Heath that she wanted to file a workers' compensation claim, and Williams was moved to a different workstation and permitted to sit for three hours per day. See id. ¶ 30; [D.E. 1-8].

On October 17, 2011, Williams met with Rhodes and Watson, and they told her not to speak about her back issues in the office anymore because her comments were causing a negative or hostile work environment. See id. ¶ 32; [D.E. 1-9]. On December 7, 2011, Williams filed a grievance with the North Carolina Administrative Office of the Courts for workplace harassment and a hostile work environment under Title VI and VII of the Civil Rights Act of 1964. See [D.E. 1] ¶ 33; [D.E. 1-10]. The grievance did not allege disability discrimination. See [D.E. 1-10].

On June 5, 2013, Williams had foot surgery and was placed on "light duty" for two to three weeks. See [D.E. 1] ¶ 36. On July 3, 2014, pursuant to her doctor's instructions, Williams took

2

leave for lower back pain. See id. ¶ 37; [D.E. 1-13]. On July 21, 2014, Williams returned to work. See [D.E. 1] ¶ 37; [D.E. 1-13]. On September 15, 2014, pursuant to her doctor's instructions, Williams took leave for lower back pain, and she was scheduled to return on October 29, 2014. See [D.E. 1] ¶ 41; [D.E. 1-15]. Williams did not, however, return to work on October 29, 2014. See [D.E. 1] ¶ 41. Instead, Williams scheduled back surgery for November 18, 2014. See id.; [D.E. 1-16]. After the November 18, 2014 surgery, Williams was "confined to the house" for six months. See [D.E. 1] ¶ 42. Williams did not return to work during 2015, and on November 20, 2015, she had a second back surgery. See id. ¶ 44; [D.E. 1-18]. This surgery, as before, left Williams confined to her house for six months. See [D.E. 1] ¶ 44. On June 9, 2016, defendants terminated Williams's employment because she was unable to return to work. See id. ¶ 45; [D.E. 1-19]. On August 22, 2016, Williams filed an EEOC charge alleging that defendants fired her "in retaliation for requesting a reasonable accommodation and filing a complaint against management in violation of Title I of The Americans With Disabilities Act of 1990." [D.E. 11-2]; see [D.E. 1] ¶ 47.

On April 28, 2017, Williams filed a complaint alleging that defendants' failure to accommodate violated the ADA. See Compl., Williams v. N.C. Admin. Office of the Courts, No. 4:17-CV-54-D, [D.E. 1] (E.D.N.C. Apr. 28, 2017). On December 29, 2017, the court granted defendants' motion to dismiss and dismissed the action without prejudice for failure to effect service of process. See Williams v. N.C. Admin. Office of the Courts, No. 4:17-CV-54-D, 2017 WL 6762199 (E.D.N.C. Dec. 29, 2017) (unpublished). On April 2, 2018, Williams filed this complaint. Construing Williams's pro se complaint liberally, Williams alleges three violations of the ADA: failure to accommodate, harassment, and retaliation. On April 27, 2018, defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction [D.E. 10].

3

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104; see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss under Rule 12(b)(1), the court may consider evidence outside of the pleadings without converting the motion into one for summary judgment. See, e.g., Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). A court should grant a motion to dismiss pursuant to Rule 12(b)(1) only if "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomac R.R., 945 F.2d at 768; see Iskander v. Dep't of the Navy, 7 F. Supp. 3d 590, 593 (E.D.N.C. 2014).

A.

The ADA incorporates the administrative enforcement provisions of Title VII of the Civil Rights Act of 1964, including the requirement that a person exhaust her administrative remedies by filing a charge with the EEOC concerning the alleged discrimination before filing suit in federal court. See 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); Sydnor v. Fairfax Cty., 681 F.3d 591, 593 (4th Cir. 2012); Thiessen v. Stewart–Haas Racing, LLC, 311 F. Supp. 3d 739, 743 (E.D.N.C. 2018); cf. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (analyzing Title VII). Accordingly, a district

4

court has subject-matter jurisdiction over an ADA claim only if the plaintiff exhausted administrative remedies by filing an EEOC charge concerning the alleged discrimination before filing suit. See, e.g., Jones, 551 F.3d at 300; Tagirova v. Elizabeth City State Univ., No. 2:16-CV-70-D, 2017 WL 4019516, at *1 (E.D.N.C. Sept. 11, 2017) (unpublished); Webb v. N.C. Dep't of Crime Control & Pub. Safety, 658 F. Supp. 2d 700, 707–09 (E.D.N.C. 2009).[1] Requiring a plaintiff to file a charge with the EEOC concerning the alleged discrimination before filing suit is an "integral part of the [ADA] enforcement scheme." Sydnor, 681 F.3d at 593 (quotation omitted); see Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406–07 (4th Cir. 2013). The requirement to file a charge with the EEOC serves "two principle purposes." Balas, 711 F.3d at 407. "First, it notifies the charged party of the asserted violation." Id. (quotation omitted). Second, "it brings the charged party before the EEOC and permits effectuation of the [ADA]'s primary goal, the securing of voluntary compliance with the law." Id. (quotation omitted).

Williams had to file an EEOC charge within 180 days of each alleged ADA violation. See 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); Jones, 551 F.3d at 300. The 180-day time requirement is not jurisdictional and is subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Nonetheless, the requirement to exhaust administrative remedies by filing a charge with the EEOC concerning the alleged discrimination before filing suit is jurisdictional. See Jones, 551 F.3d at 300. Simply put, the timeliness of administrative exhaustion

---

[1] The federal circuit courts are split concerning whether Title VII's administrative exhaustion requirement is jurisdictional. See Davis v. Fort Bend Cty., 893 F.3d 300, 306–07 (5th Cir. 2018) (collecting cases), petition for cert. filed, No. 18-525 (U.S. Oct. 19, 2018). The Fourth Circuit treats the administrative exhaustion requirement as jurisdictional. See Jones, 551 F.3d at 300. Although the Supreme Court has not expressly addressed the issue, Supreme Court precedent supports the Fourth Circuit's view. See, e.g., Patchak v. Zinke, 138 S. Ct. 897, 905 (2018); John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133–34 (2008); Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973).

is not jurisdictional, but a failure to file an EEOC charge at all concerning the alleged discrimination is a jurisdictional bar to filing suit under the ADA concerning that claim. See id.

A failure to timely file an EEOC charge does not itself constitute a failure to exhaust administrative remedies. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) (concluding that the "district court had subject matter jurisdiction over . . . administratively exhausted but untimely filed [Title VII] claims"). However, if a party fails to timely file an EEOC charge, the party "lose[s] the ability to recover for" that claim because the claim is no longer "actionable." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 113 (2002). As the Court explained in Morgan, "only incidents that took place within the timely filing period are actionable." Id. at 114; see Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623–24 (2007), superseded by statute on other grounds, Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5; Cooper v. Smithfield Packing Inc., No. 5:10-CV-479-F, 2011 WL 3207912, at *3 (E.D.N.C. July 27, 2011) (unpublished).

Initially, Williams asserts that she filed an EEOC charge concerning her ADA failure to accommodate claim on January 15, 2015. See [D.E. 1] ¶ 5; Ex. A [D.E. 1-1]. In support, Williams cites her unsigned EEOC intake questionnaire filed on January 15, 2015. See Ex. A [D.E. 1-1].

An EEOC intake questionnaire can constitute an EEOC charge under the ADA if it "contains all regulatory requirements" and "can be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Coleman v. Altec, Inc., No. 5:16-CV-954-D, 2018 WL 4289610, at *2 n.1 (E.D.N.C. Sept. 7, 2018) (unpublished) (quotation omitted); see Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Pizio v. HTMT Glob. Sols., 555 F. App'x 169, 173–76 (3d Cir. 2014) (unpublished); EEOC v. Summer Classics, Inc., 471 F. App'x 868, 871–72 (11th Cir. 2012) (per

curiam) (unpublished). However, Williams's intake questionnaire does not "generally allege the discriminatory act(s)" and, therefore, does not constitute a charge under the ADA. 29 C.F.R. § 1626.6; see 29 C.F.R. § 1626.8(a)(3); Holowecki, 552 U.S. at 396; Balas, 711 F.3d at 408 n.5; Jones, 551 F.3d at 300.

On July 7, 2015, Williams filed her first charge with the EEOC and alleged a failure to accommodate. See [D.E. 11-1]; [D.E. 11] 10. At that time, Williams had not worked since September 15, 2014, due to her medical problems and procedures. See [D.E. 1] ¶ 41. Thus, defendants argue that Williams's EEOC charge is not timely because the latest that she could have timely filed a charge with the EEOC concerning the alleged failure to accommodate was 180 days after September 15, 2014 (i.e., March 14, 2015), and she failed to do so. See Morgan, 536 U.S. at 111–15 ("[D]iscrete discriminatory acts are not actionable if time barred . . . .").

The court agrees that Williams's failure to accommodate claim is time-barred because Williams failed to file the EEOC charge within 180 days of the alleged failure to accommodate. See id.; Hentosh, 767 F.3d at 417–18; Jones, 551 F.3d at 300; Belton v. City of Charlotte, 175 F. App'x 641, 652 (4th Cir. 2006) (per curiam) (unpublished); J.S. ex rel. Duck v. Isle of Wight Cty. Sch. Bd., 402 F.3d 468, 475 n.12 (4th Cir. 2005); McCullough v. Branch Banking & Tr. Co., 35 F.3d 127, 131 (4th Cir. 1994); Roach v. Hilton World-Wide, Inc., No. 5:12-CV-309-D, 2013 WL 556195, at *2 (E.D.N.C. Feb. 12, 2013) (unpublished). Thus, the court dismisses the claim under Rule 12(b)(6) or 12(c).[2]

---

[2] The court has subject-matter jurisdiction over Williams's failure to accommodate claim. Cf. Demetres v. East West Constr., Inc., 776 F.3d 271, 272 n.1 (4th Cir. 2013). In dismissing the claim under Rule 12(b)(6) or 12(c), the court has applied the governing standard. See Fed. R. Civ. P. 12(b)(6), 12(c); Ashcroft v. Iqbal, 556 U.S. 662, 677–87 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63, 570 (2007); Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010),

In opposition to this conclusion, Williams contends that by alleging in the EEOC charge that the failure to accommodate was a continuing action, she rendered the claim timely. See [D.E. 11-1] 2 (showing that Williams checked the "continuing action" box). The court rejects Williams's argument. Williams's failure to accommodate claim is not a continuing action. Rather, the claim involves a failure to accommodate on a specific date, and the latest date that the alleged failure to accommodate occurred was September 15, 2014. See Morgan, 536 U.S. at 114–15 (characterizing actions "such as termination, failure to promote, denial of transfer, or refusal to hire" as "discrete acts"); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 970 (11th Cir. 2008), abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009); Cherosky v. Henderson, 330 F.3d 1243, 1248 (9th Cir. 2003); Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 134–35 (2d Cir. 2003); Salser v. Clarke Cty. Sch. Dist., No. 3:10-CV-17, 2011 WL 56064, at *3 (M.D. Ga. Jan. 5, 2011) (unpublished); Becerra v. EarthLink, Inc., 421 F. Supp. 2d 1335, 1343–44 (D. Kan. 2006); Reedjoseph-Minkins v. D.C. Gov't Dep't of Youth Rehab. Servs., No. ELH-17-45, 2018 WL 3049509, at *11–12 (D. Md. June 20, 2018) (unpublished). Thus, Williams's failure to accommodate claim is not actionable. See Morgan, 536 U.S. at 111–14.

As for Williams's alleged ADA harassment claim, the court lacks subject-matter jurisdiction over that claim because Williams failed to exhaust administrative remedies concerning an ADA harassment claim. The contents of an EEOC charge determine the scope of a plaintiff's right to

---

aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court can take judicial notice of public records without converting a motion to dismiss or motion for judgment on the pleadings into a motion for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The court also can consider documents that are integral to and explicitly relied on in the complaint. See Occupy Columbia v. Haley, 738 F.3d 107, 117 n.7 (4th Cir. 2013).

8

maintain an ADA claim in federal court. See Sydnor, 681 F.3d at 593–94; Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005); Tagirova, 2017 WL 4019516, at *1–2; Johnson v. Pitt Cty. Bd. of Educ., No. 4:16-CV-214-D, 2017 WL 2304211, at *3 (E.D.N.C. May 25, 2017) (unpublished). "Only those ... claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [ADA] lawsuit." Jones, 551 F.3d at 300 (quotation omitted). Williams did not allege an ADA harassment claim in either of her EEOC charges. See [D.E. 11-1]; [D.E. 11-2]. Moreover, the factual basis of her ADA harassment claim does not reasonably relate to either the alleged failure to accommodate or retaliatory termination of her employment. Furthermore, no ADA harassment claim developed from the investigation of her EEOC charges. Accordingly, the court lacks subject-matter jurisdiction over Williams's ADA harassment claim. See, e.g., Balas, 711 F.3d at 407–09; Jones, 551 F.3d at 300; Chacko, 429 F.3d at 509–10; Tagirova, 2017 WL 4019516, at *1–2. Thus, the court dismisses the ADA harassment claim.

As for Williams's ADA retaliation claim, on August 22, 2016, Williams filed an EEOC charge alleging that defendants retaliated against her in violation of the ADA. See [D.E. 11-2]. Williams filed the charge within 180 days of her termination on June 9, 2016. Thus, Williams's ADA retaliation claim complies with the 180-day charge filing deadline, and this court has jurisdiction over that claim.

B.

Defendants also ask this court to dismiss the action as untimely because Williams missed the 90-day deadline to file suit. The ADA requires a plaintiff to file suit within 90 days of receiving a right to sue notice from the EEOC. See 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). On February 14, 2017, the EEOC issued right to sue notices to Williams concerning her ADA claims. See [D.E. 1-1];

9

[D.E. 1-2]. Adding three days for receipt via mail, the court presumes that Williams received these notices on February 17, 2017. See Fed. R. Civ. P. 6(d); Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (per curiam); Dixon v. Dig. Equip. Corp., 976 F.2d 725, 1992 WL 245867, at *1 (4th Cir. 1992) (per curiam) (unpublished table decision); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 654 (4th Cir. 1987). Under the ADA, Williams had 90 days from February 17, 2017 (i.e., until May 18, 2017) to file suit. See 42 U.S.C. §§ 2000e–5(f)(1), 12117(a); Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) (unpublished); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 n.4 (4th Cir. 2002); Davis v. Va. Commonwealth Univ., 180 F.3d 626, 628 n.3 (4th Cir. 1999). Williams, however, did not file this action until April 2, 2018 [D.E. 1]. Thus, the court dismisses her complaint as untimely. See Baldwin Cty. Welcome Ctr., 466 U.S. at 149–51; Smith v. J.B. Hunt Transp., Inc., 47 F. App'x 670, 670 (4th Cir. 2002) (per curiam) (unpublished); Bryant, 288 F.3d at 132 n.4; Davis, 180 F.3d at 628 n.3; Houdeshell v. Artery Prop. Mgmt., Inc., 107 F.3d 866, 1997 WL 82634, at *1 (4th Cir.1997) (per curiam) (unpublished table decision); Watts–Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir.1993); Harvey, 813 F.2d at 653–54; Roach, 2013 WL 556195 at *2.

C.

In opposition, Williams argues that the court should apply equitable tolling. Williams notes that she is a pro se plaintiff and contends that she acted with "due diligence." [D.E. 16] 1. Williams also contends that the EEOC never informed her that she had to sign the questionnaire and that the EEOC misplaced her questionnaire for several months after Williams initially met with the EEOC on January 15, 2015. Id.

Equitable tolling applies to the ADA's statute of limitations provisions, including the 180-day provision for filing an EEOC charge and the 90-day provision for filing a lawsuit. See Zipes,

10

455 U.S. at 398; Harvey, 813 F.2d at 653–54. Equitable tolling applies only when there are "(1) extraordinary circumstances, (2) beyond [a party's] control or external to [the party's] own conduct, (3) that prevented [the party] from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); see United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 543 (E.D.N.C. 2008). The "extraordinary circumstances" standard is "demanding." Bratcher, 545 F. Supp. 2d at 543. "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246; see Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); English v. Pabst Brewing Co., 828 F.2d 1047, 1048–49 (4th Cir. 1987).

The party seeking this "extraordinary remedy" bears "a considerable burden to demonstrate that it applies." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015); McGuffin v. Colvin, No. 5:16-CV-467-D, 2017 WL 52579, at *3 (E.D.N.C. Jan. 3, 2017) (unpublished). Williams must show that she diligently pursued her rights, but that an extraordinary circumstance external to her own conduct prevented her from timely filing a charge with the EEOC or a complaint with a federal court. See Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); CVLR Performance Horses, Inc., 792 F.3d at 476.

Nothing warrants equitable tolling of either the 180-day charge deadline or the 90-day lawsuit deadline. First, pro se status alone does not constitute an extraordinary circumstance that justifies equitable tolling. See Sosa, 364 F.3d at 512–13; McGuffin, 2017 WL 52579, at *4 & n.4 (collecting cases). Second, although Williams asserts that she had some hardship in securing transportation to the EEOC, she admits that she was able to do so on the same day that the EEOC located her questionnaire. See [D.E. 16] 1. Moreover, Williams never explains why, during this period, she could not have filed an EEOC charge, even assuming that the EEOC misplaced her questionnaire.

11

Finally, and in any event, no evidence suggests that this court should apply equitable tolling to the 90-day time requirement for filing this action. Accordingly, equitable tolling does not apply.

III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 10]. The court lacks subject-matter jurisdiction over plaintiff's ADA harassment claim, and plaintiff's failure to accommodate claim is not actionable. Moreover, the three ADA claims in the complaint are time-barred because plaintiff missed the 90-day deadline to file this action. Thus, the court DISMISSES the action. The clerk shall close the case.

SO ORDERED. This 4 day of December 2018.

JAMES C. DEVER III
United States District Judge